NO. 07-06-0196-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JULY 20, 2006

_____

JUAN MOISES BLANCO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 22ND DISTRICT COURT OF CALDWELL COUNTY;

NO. 2003-272; HONORABLE TODD BLOMERTH, JUDGE

_____

Before REAVIS and CAMPBELL and HANCOCK, JJ.

**ABATEMENT AND REMAND**

Pursuant to a plea of guilty, appellant Juan Moises Blanco was convicted of possession of a controlled substance and punishment was assessed at two years confinement and a $1,000 fine, suspended for five years. The clerk's record and reporter's record have both been filed. Appellant's brief was due to be filed June 16, 2006, but has

yet to be filed. Also, no motion for extension of time has been filed. By letter dated June 21, 2006, this Court notified appellant's appointed counsel, Kelley McCormick, of the defect and also explained that if no response was received by July 3, 2006, the appeal would be abated pursuant to Rule 38.8(b) of the Texas Rules of Appellate Procedure. Counsel responded by facsimile indicating inaccuracies in the reporter's record and anticipated filing a motion for extension of time by July 10.[1] To date, no formal motion has been filed with this Court.

Therefore, we now abate this appeal and remand the cause to the trial court for further proceedings pursuant to Rule 38.8(b)(2) and (3) of the Texas Rules of Appellate Procedure. Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1. whether appellant desires to prosecute the appeal;
2. whether the reporter's record is accurate (*see* Rule 34.6(e)); and
3. whether appellant has been denied effective assistance of counsel given counsel's failure to file a brief, and if so,
4. whether appellant is entitled to new appointed counsel.

The trial court shall cause a hearing to be transcribed. Should it be determined that appellant does want to continue the appeal and the court determines that present counsel should be replaced, the name, address, telephone number, and state bar number of newly-

---

[1]This Court has not promulgated a local rule authorizing electronic filing. *See* Tex. R. App. P. 9.2(c).

appointed counsel shall be provided to the Clerk of this Court. Finally, the trial court shall execute findings of fact, conclusions of law, and any necessary orders it may enter regarding the aforementioned issues and cause its findings and conclusions to be included in a supplemental clerk's record. A supplemental record of the hearing shall also be included in the appellate record. Finally, the trial court shall file the supplemental clerk's record and the supplemental reporter's record with the Clerk of this Court by Friday, August 18, 2006.

It is so ordered.

Per Curiam

Do not publish.